**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas,
FILED

JAN 0 2 2004

Michael N. Milby
Clerk of Court

ANGELINA AGUILAR-ADAME,

v.

A.G. WINFREY, Interim Field Office
   Director, DHS HLG/DO, and
THE UNITED STATES OF AMERICA.

)
)
)
)
)
)
)
)

B-04-001

## PETITION FOR WRIT OF HABEAS CORPUS

Angelina Aguilar-Adame, by and through the undersigned, files the
instant Petition for Writ of Habeas Corpus, under 28 U.S.C. §2241,
and *INS v. St. Cyr,* 121 S.Ct. 2271 (2001).

### I.   JURISDICTION AND VENUE

1. Petitioner Angelina Aguilar is under an administratively final
order of removal, (Petitioner's Exhibit A, incorporated by
reference), which order places significant restrictions on her
liberty not shared by the populace at large, within the meaning of
*Jones v. Cunningham,* 371 U.S. 236,240 (1963).

2. Respondent Winfrey maintains offices, and Petitioner's removal
proceedings were conducted, in Harlingen, Texas.

### II.   THE PARTIES

3. Angelina Aguilar-Adame is a 38 year old native and citizen of
Mexico. She has resided in the United States since at least
November 1, 1981. She became a temporary resident of the United
States on or about March 24, 1988, and a permanent resident on July
3, 1990. She has resided continuously in this country since then.
She is a single parent, and primary caretaker of two teen-age
children, one an LPR, and the other, a U.S. citizen. If she were
deported, and her LPR son had to accompany her to live in Mexico,
it could also cause him to lose his LPR status. *See, Matter of*

*Huang,* 19 I&N Dec. 749 (BIA 1988) (Loss of lawful permanent resident status of a parent is imputed to a minor child who is subject to the parent's custody and control).

4. A.G. Winfrey is sued in her official capacity as Interim Field Office Director HLG/DRO, of the Department of Homeland Security.

### III. THE FACTS

5. On or about June 26, 1997, on her plea of guilty, Ms. Aguilar was granted deferred adjudication, and placed under probation, in connection with a charge of (simple) possession of Marijuana, committed on or about December 26, 1996. At the time of her plea, she relied on the fact that this disposition brought her under the policy exception articulated in *Matter of Manrique,* 21 I&N Dec. 58 (BIA 1995), based on an analogy to the Federal First Offender Act, ("FFOA" 18 U.S.C. §3607), and did not cause her to be deportable.

6. Further, simple possession of marijuana was not then considered an aggravated felony, so that even if she had been deportable, she would have been eligible for cancellation of removal, under 8 U.S.C. §1229b(a). *See, Matter of L-G-,* 21 I&N Dec. 89 (BIA 1995).

7. Because this disposition did not cause her to be deportable, she was not placed under proceedings at that time. On information and belief, Ms. Aguilar asserts that a significant number of long-term LPRs who were otherwise similarly situated, in that during the same general time frame, they pled guilty to offenses involving simple possession of controlled substances, but whose guilt **was** adjudicated, and who therefore did not fall within the policy exception of *Matter of Manrique*, *supra*, were timely placed in removal proceedings, and were granted cancellation of removal. *See, e.g.,* Respondent's Exhibit B, incorporated by reference.

2

8.    On December 4, 1997, the Fifth Circuit decided *U.S. v. Hinojosa-Lopez*, 130 F.3d 691 (5th Cir. 1997), holding that for purposes of the Sentencing Guidelines, a state felony for simple drug possession constitutes an "aggravated felony."

9.    On December 10, 1999, the BIA reiterated its stance that, notwithstanding *Hinojosa-Lopez,* simple possession of marijuana would not be considered an aggravated felony for immigration purposes, regardless of the manner in which it was treated by the state authorities.    *Matter of K-V-D-*, 22 I&N Dec. 1163 (BIA 1999).

10.  Notwithstanding *K-V-D-*, on May 4, 2000, Respondents issued a Notice to Appear, alleging that Ms. Aguilar was deportable for having been convicted both of a controlled substance offense, and of an aggravated felony.

11.   At her hearing, Ms. Aguilar conceded that she had been "convicted" of the offense, and that she was deportable for conviction of an offense relating to a controlled substance.  She denied, however, that the offense was an aggravated felony, and requested leave to seek cancellation of removal, under 8 U.S.C. §1229b(a).  She also argued, in the alternative, that under cases such as *Lujan-Armendariz v. INS v. INS,* 222 F.3d 728 (9th Cir. 2000), (and others), it would deprive her of both Due Process and Equal Protection to find her deportable, and deprive her of all opportunity to seek relief from deportation.

12.   While Ms. Aguilar's case was pending with the Immigration Judge, there were several significant developments in the law.  On May 11, 2001, the Fifth Circuit decided *U.S. v. Hernandez-Avalos,* 251 F.3d 505 (5th Cir. 2001), which, in strongly worded *dicta,* disapproved of *Matter of K-V-D-*.   And although the pertinent

3

language in *Hernandez-Avalos* was, indeed, *dicta*, the Board has followed this conclusion for cases arising within this judicial Circuit. On February 8, 2002, in *Gerbier v. Holmes,* 280 F.3d. 297 (3rd Cir. 2002), the Third Circuit joined the Second Circuit, [1] in holding that a state felony conviction for the offense of simple possession of a controlled substance is **not** an aggravated felony for immigration purposes. On February 14, 2002, the BIA issued *Matter of Salazar,* Int. Dec. 3462 (BIA 2002). The Board declined therein to follow *Lujan-Armendariz* outside of the Ninth Circuit, and held that, in light of *Hernandez-Avalos,* it would not apply *Matter of K-V-D-* in the Fifth Circuit.

13. On July 25, 2002, the Immigration Judge ordered Ms. Aguilar removed, finding her to be ineligible for any form of relief. She timely appealed to the BIA, which, on December 12, 2003, affirmed the Decision of the Immigration Judge without opinion. (Exhibit A).

14. Under *Matter of Salazar-Regino,* otherwise similarly situated LPRs whose cases arose within the Ninth Circuit are not considered to be subject to removal, and those whose cases arose anywhere except the Fifth Circuit, continue to be eligible for relief from removal, in the form of cancellation of removal. [2]

15. Given her lengthy residence in the United States, her strong family ties, employment history, and otherwise clean record, it is

---

[1]    *Aguirre v. INS*, 79 F.3d 315 (2d Cir. 1996).

[2]    To the best of the knowledge and belief of the undersigned, *Gerbier* and *Aguirre* are the only published circuit court cases addressing the issue of whether simple possession is an aggravated felony in the context of the review of an order of removal or

highly likely that Ms. Aguilar would have earned cancellation of removal, had she received the opportunity to apply for said form of discretionary relief.

## V.  THE CAUSES OF ACTION

Petitioner asserts that the deprivation of liberty complained of herein violates the laws and Constitution of the United States, as well as international law and treaty obligations with her native country of Mexico, which claims are cognizable in habeas corpus under 28 U.S.C. §2241.

### 1.  STATUTORY CONSTRUCTION
### a.  AGGRAVATED FELONY

Ms. Aguilar first urges that the Board erred as a matter of law in its conclusion that *U.S. v. Avalos-Hernandez, supra,* controls the resolution of the question of whether her deferred adjudication disposition constitutes an aggravated felony.  The language therein disapproving of *Matter of K-V-D-* was clearly *dicta,* and the Board should not have applied it to Ms. Aguilar.  To the contrary, Ms. Aguilar asserts that the Board correctly decided *Matter of K-V-D-,* and that it erred in not applying said decision herein.

### b.  *MATTER OF ROLDAN, SUPRA.*

Ms. Aguilar also urges that, as a question of law, *Matter of Roldan,* I.D. No. 3377 (BIA 1999), holding that *Manrique* had been superceded by 8 U.S.C. §1101(a)(48)(A), was incorrectly decided, and that §1101(a)(48)(A) was not intended to, and did not, legislatively overrule *Matter of Manrique, supra.*  *See,* Dissenting Opinion by Board Member Lory Rosenberg, in which Board Members Villageliu, and Espenoza, joined.  (23 I&N Dec. at 237-251).  *See also,* Dissenting Opinion of Board Member Anthony Moscato, in which Board Member Villageliu, joined.  (*Id.,* 23 I&N Dec. at 251-252).

5

## 2. EQUAL PROTECTION
### a. FEDERAL FIRST OFFENDER ACT

Ms. Aguilar next asserts that, for the reasons set forth in *Lujan-Armendariz, supra*, it violates Equal Protection for a determination of whether a given disposition of criminal charges for simple possession of a controlled substance renders an immigrant subject to deportation to be based solely on whether the immigrant was processed in state, or federal, court.

### b. DIFFERING RESULTS IN DIFFERENT JURISDICTIONS

Ms. Aguilar also asserts that, given the national character of immigration law, it violates Equal Protection for the result of her case to depend solely on the federal jurisdiction in which it arose, such that, had she been placed in removal proceedings within the Ninth, rather than the Fifth Circuit, she would not be subject to removal at all, and that, had she been placed in such proceedings in any jurisdiction other than the Fifth, and most particularly, within the Third Circuit, she would have been held to qualify for cancellation of removal, which relief, she urges, she would have earned in the exercise of discretion.

### c. DIFFERING RESULTS BASED ON TIMING OF THE PROCEEDINGS

Had Ms. Aguilar's case been heard between March 3, 1999, and May 11, 2001, (after *Matter of Roldan*, and before *Hernandez-Avalos*), she would have been subject to removal but eligible for relief, which she would have most probably earned in the exercise of discretion. It violates Equal Protection for the difference between remaining in the U.S. as a lawful permanent resident, and being removed, and permanently barred from returning lawfully, to be based solely on the timing of the proceedings. This violation is particularly egregious because it is the very fact that the deferred adjudication disposition did not, at that time, render her

6

subject to removal that caused the delay. Therefore, otherwise similarly situated LPRs who were *not* granted rehabilitative treatment, and whose guilt was adjudicated, received, in the end, more favorable treatment in the immigration context, because they were placed in proceedings at a time when the law still permitted them to be granted cancellation of removal.

### 3.   SUBSTANTIVE DUE PROCESS

As a permanent resident, Ms. Aguilar has a fundamental liberty interest in being able to live and work in the United States, and in remaining here with her family. *See,* Dissenting Opinion of Board Member Rosenberg, *supra* at 238. *See also, Landon v. Plasencia,* 459 U.S. 21,34 (1982), citing *Bridges v. Wixon,* 326 U.S.  326 U.S. 135,154 (1945); *Moore v. City of East Cleveland,* 431 U.S. 494,499 (1977), and *Stanley v. Illinois,* 405 U.S. 645, 651 (1972):

> Plasencia's interest here is, without question, a weighty one. She stands to lose the right "to stay and live and work in this land of freedom," ... Further, she may lose the right to rejoin her immediate family, a right that ranks high among the interests of the individual. ...

*Moore* and *Stanley* are both fundamental rights cases, involving family relationships. *Stanley* struck down a conclusive presumption, similar to that involved herein, and *Moore* simply concluded that the interest advanced by the State was insufficient to justify the particular intrusion into the family unit. As a lawful permanent resident, Ms. Aguilar enjoys the same Due Process rights, including substantive Due Process rights, to develop and enjoy intimate family relationships in the United States.

Ms. Aguilar asserts that the combination of provisions enacted by IIRIRA, 8 U.S.C. §1101(a)(48)(A), together with the repeal of §212(c) of the Act, and its replacement with 8 U.S.C. §1229b(a),

which contains an absolute prohibition on granting discretionary relief to anyone convicted of an "aggravated felony," and the overly expansive definition of what constitute such "aggravated felonies," constitutes an unconstitutional "conclusive presumption" that all LPRs who have been convicted of any offense in that list are unworthy of being able to stay with their families in the United States, even where the State has deemed it appropriate to grant rehabilitative treatment to a first time offender. Similarly, by failing to permit any showing of countervailing equities, these provisions are unjustifiable, as they are not sufficiently narrowly tailored to meet a compelling state interest.

### 4.  PROCEDURAL DUE PROCESS

Ms. Aguilar also asserts that the Board's decision deprives her of Procedural Due Process, as seen by another series of Supreme Court cases, involving "fair notice." To apply *Matter of Roldan* and *U.S. v. Hernandez-Avalos* to Ms. Aguilar retroactively converts a disposition which, at the time of her plea bargain, carried no immigration consequences at all, into one which requires mandatory deportation. Although not "punishment" for a criminal offense, deportation has long been recognized as a "penalty." *See, Reno v. American-Arab Anti Discrimination Committee,* 525 U.S. 471, 497-98 (1999), Justice Ginsberg, concurring in Part I and the result:

> As this Court has long recognized, "[t]hat deportation is
> a penalty - at times a most serious one - cannot be
> doubted." *Bridges,* 326 U.S., at 154, 65 S.Ct. 1443; see
> also *ibid.*  (Deportation places "the liberty of an
> individual ... at stake....  Though deportation is not
> technically a criminal proceeding, it visits a great
> hardship on the individual and deprives him of the right
> to stay and live and work in this land of freedom.")

Deportation then becomes an additional penalty, retroactively attached to the "criminal offense," not by any amendment to the

8

statute, but by virtue of changed administrative and judicial interpretations thereof. This occurs even though, under state law, there is no conviction, and never will be one, if the Petitioner successfully completes her probation.

Therefore, §1101(a)(48)(A), as interpreted and applied herein, is unconstitutional in that it retroactively makes qualitative changes in the penalty imposed, in a wholly unexpected manner. *See,* Nancy Morawetz, "Rethinking Retroactive Deportation Laws and the Due Process Clause," NYU Law Rev., Vol 73, No. 1, April 1998. *See also, Arce v. Walker*, 139 F.3d 329,333-34 (2nd Cir. 1998):

> [T]he Due Process Clause protects against restraints or conditions of confinement that "exceed[ ] the sentence in ... an unexpected manner." *Sandin,* 515 U.S. at 484, 115 S.Ct. at 2300; *see id.* at 479 n. 4, 115 S.Ct. at 2297 n. 4 (observing that proscribed conditions of confinement must be "qualitatively different from the punishment characteristically suffered by a person convicted of crime, and [have] stigmatizing consequences." (citation and internal quotation marks omitted)); *see, e.g., Vitek v. Jones,* 445 U.S. 480, 493, 100 S.Ct. 1254, 1264, 63 L.Ed.2d 552 (1980) (holding that "involuntary commitment to a mental hospital is not within the range of conditions of confinement to which a prison sentence subjects an individual"); *Washington v. Harper,* 494 U.S. 210, 221-22, 110 S.Ct. 1028, 1036-37, 108 L.Ed.2d 178 (1990) (holding that inmate has a liberty interest under the Due Process Clause to refuse the involuntary administration of psychotropic drugs).

These protections exist even though deportation is a civil penalty, rather than criminal punishment, is involved. As the Supreme Court recently held in *BMW of North America v. Gore*, 517 U.S. 559,574 (1996) (footnote 22 in original):

> Elementary notions of fairness enshrined in this Court's constitutional jurisprudence dictate that a person

receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose. FN22

FN22. See *Miller v. Florida,* 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) (*Ex Post Facto* Clause violated by retroactive imposition of revised sentencing guidelines that provided longer sentence for defendant's crime); *Bouie v. City of Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964) (retroactive application of new construction of statute violated due process); *id.,* at 350-355, 84 S.Ct., at 1701-1703 (citing cases); *Lankford v. Idaho,* 500 U.S. 110, 111 S.Ct. 1723, 114 L.Ed.2d 173 (1991) (due process violated because defendant and his counsel did not have adequate notice that judge might impose death sentence). The strict constitutional safeguards afforded to criminal defendants are not applicable to civil cases, but the basic protection against "judgments without notice" afforded by the Due Process Clause, *Shaffer v. Heitner,* 433 U.S. 186, 217, 97 S.Ct. 2569, 2587, 53 L.Ed.2d 683 (1977) (STEVENS, J., concurring in judgment), is implicated by civil *penalties.*

For a lawful permanent resident such as Ms. Aguilar, there can be not question but that deportation is a "civil penalt[y]" imposed as a result of her criminal "conviction" for possession of marijuana. It therefore violates Due Process as a retroactive application of new construction of a statute, as in *Bouie v. City of Columbia,* *supra*, and because it imposes a "civil penalt[y]" without prior notice, as in *Shaffer v. Heitner, supra.* And, as in *BNW of North America v. Gore, supra*, it confounds the "[e]lementary notions of fairness enshrined in this Court's constitutional jurisprudence" which "dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose."[3]

--------

[3] This is very similar to, and is reinforced by, the "void for vagueness" analysis of *Jordan v. DeGeorge,* 341 U.S. 223,231 (1951)

## 5. INTERNATIONAL LAW AND TREATY OBLIGATIONS

Finally, Ms. Aguilar urges that the instant order violates international law, and treaty obligations between the United States and Mexico, her country of origin.


Respectfully Submitted,

Lisa S. Brodyaga, Attorney          Thelma O. Garcia, Attorney
17891 Landrum Park Road             301 E. Madison
San Benito, TX 78586                Harlingen, TX 78550
(956) 421-3226                      (956) 425-3701
(956) 421-3423 (fax)                (956) 428-3731 (fax)
Fed. ID.  1178
Texas Bar 03052800

### VERIFICATION

I, Lisa S. Brodyaga, hereby certify that I am familiar with Petitioner's case and that the facts as stated with respect thereto are true and correct to the best of my knowledge and belief.



---

### CERTIFICATE OF SERVICE

I, Lisa S. Brodyaga, certify that a courtesy copy of the foregoing, with exhibits, was personally delivered to the office of Nancy Masso, AUSA, at Brownsville, Texas, this 2nd day of January, 2004.

---

(statute relating to deportation would be tested under "void for vagueness" doctrine, notwithstanding that statute was not criminal statute, in view of grave nature of deportation).

11

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

ANGELINA AGUILAR-ADAME,           )
                                                   )
v.                                                      )
                                                   )
A.G. WINFREY, Interim Field Office    )
   Director, DHS HLG/DO, and            )
THE UNITED STATES OF AMERICA.      )
_____ )


## EXHIBIT "A" IN SUPPORT OF

## PETITION FOR WRIT OF HABEAS CORPUS

**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

**Garcia, Thelma O., Esquire**          **Office of the District Counsel/HL**
**301 E. Madison,**                     **P.O. Box 1711**
**Harlingen, TX 78550**                 **Harlingen, TX 78551**

**Name: AGUILAR-ADAME, ANGELINA**          A90-918-200

**Date of this notice: 12/12/2003**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Jeffrey Fratter
Chief Clerk

Enclosure

Panel Members:
    PAULEY, ROGER

rtment of Justice
e Office for Immigration Review

ls Church, Virginia 22041

Decision of the Board of Immigration Appeals

File:    A90-918-200 - HARLINGEN

Date:    DEC 1 2 2005

In re:   AGUILAR-ADAME, ANGELINA

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Garcia, Thelma O., Esquire

ON BEHALF OF DHS:  Dyann Bernstein, ADC

ORDER:

    PER CURIAM.  The Board affirms, without opinion, the results of the decision below.  The decision below is, therefore, the final agency determination.  *See* 8 C.F.R. § 1003.1(e)(4).

FOR THE BOARD

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
Harlingen, Texas

File No.:  A 90 918 200                         July 25, 2002

In the Matter of                )
                                )
ANGELINA AGUILAR-ADAME          )        IN REMOVAL PROCEEDINGS
                                )
                Respondent      )

CHARGE:        Section 237(a)(2)(A)(iii) of the Immigration and
               Nationality Act;

               Section 237(a)(2)(B)(i) of the Immigration and
               Nationality Act.


APPLICATIONS:  Cancellation of removal for certain permanent
               residents, Section 240A(a) of the Immigration and
               Nationality Act.

               Waiver of removability, Section 212(c) of the
               Immigration and Nationality Act.


ON BEHALF OF RESPONDENT:          ON BEHALF OF SERVICE:

Thelma O. Garcia, Esquire         Flavio Escobar, Esquire
                                  Assistant District Counsel



            ORAL DECISION OF THE IMMIGRATION JUDGE

     The Immigration Service issued a Notice to Appear with

respect to the respondent on May 4, 2000 and it was properly

served upon the respondent (Exhibit 1).  The Notice to Appear

alleges that respondent is not a citizen or national of the

United States and that she is a native and citizen of Mexico, who

was admitted to the United States at Houston, Texas, on or about

                              1            OCT 1 7 2002

July 3, 1990 as an immigrant.  It is further alleged that on June 26, 1997, the respondent was convicted in the District Court of the 179th Judicial District for Brooks County for the offense of possession of marijuana in violation of Section 481.1151 of the Texas Controlled Substances Act.

The respondent, through her counsel of record, admitted all four allegations of fact contained in the Notice to Appear.  The Notice to Appear charges that the respondent is subject to removal from the United States under Sections 237(a)(2)(A)(iii) and 237(a)(2)(B)(i) of the Immigration and Nationality Act (the Act).

The respondent, through counsel of record, admitted the charge of removability under Section 237(a)(2)(B)(i) of the Act. The respondent, through her counsel of record, denied the charge of removability under Section 237(a)(2)(A)(iii) of the Act.  The pleadings were taken at a hearing on March 25, 2002, when the respondent was present with her counsel of record, Jaime Diaz.

In the brief filed by respondent's counsel of record of Thelma O. Garcia, the respondent states she is contesting both charges of removability.  The Court concludes that the respondent has not shown that the admission to the charge under Section 237(a)(2)(B)(i) of the Act should be permitted to be withdrawn. There has been no showing that there was any error of fact or law that led to the admission of that charge.  And there is also no showing that here would be any manifest injustice to the

A 90 918 200                    2                    July 25, 2002

respondent by allowing that pleading to stand.  In fact, the Court concludes that that admission of removability under that charge is supported by the applicable case law.  See Matter of Salazar, Int. Dec. 3462 (BIA 2002).

The Immigration Service offered into the record the Record of Criminal Proceedings, with respect to allegation no. 4 in the Notice to Appear (Group Exhibit no. 2).  The respondent, through counsel of record, Thelma O. Garcia, objected to that document on the basis that the document does not clearly show that it relates to the respondent since it does not have the exact name of the respondent as stated on the Notice to Appear.

The Court does have a certified copy of the Record of Criminal Proceeding.  The Court concludes that there is clear and convincing evidence in the record that this Record of Criminal Proceeding relates to this respondent.  The name is virtually identical to the name on the Record of Criminal Proceeding.  With respect to the Order of Deferred Adjudication is Angelina Aguila Adame.  There is an R left off with respect to the name Aguilar.

Also, on the Record of Criminal Proceedings and Order of Deferred Adjudication, it does state underneath the name of the case, defendant's address.  It does state the name, Angelina Aguilar Adame, all properly spelled as in the Notice to Appear. It also has the respondent's address as the address for the defendant in that case, which is 1723 Alta Vista, Houston, 77023. See also Exhibit No. 3, the Change of Address Form, Form EOIR-33.

A 90 918 200                    3              July 25, 2002

In addition, the respondent, through counsel of record, Jaime Diaz, admitted that she was convicted on June 26, 1997 in the District Court of the 179th Judicial District for Brooks County, for the offense of possession of marijuana.  That is the date that is on the Order of Deferred Adjudication and it is in the District Court, Brooks County, Texas.

Based upon all of the above discussion relating to the identity of the defendant, the Court concludes that there is clear and convincing evidence that this Record of Criminal Proceeding (Group Exhibit No. 2) relates to this respondent in that she was the defendant in that criminal proceeding.

The Court concludes that the Board of Immigration Appeals decision in Matter of Salazar, supra controls this case, with respect to the issues of removability.  This removal proceedings arises within the jurisdiction of the United States Court of Appeals for the Fifth Circuit.  Therefore, Matter of Salazar is controlling.

With respect to the issue of whether respondent has committed an aggravated felony within the meaning of Section 101(a)(43)(B) of the Act, with respect to her Order of Deferred Adjudication of June 26, 1997, the respondent pled guilty in that criminal proceeding to the felony offense of possession of marijuana.  The reduced charge was a third degree felony under Texas law.  Under Matter of Salazar, the respondent was convicted of an aggravated felony, since she was convicted of a felony

A 90 918 200                        4                     July 25, 2002

offense that is punishable under the Controlled Substances Act of the United States Code.  The respondent, through counsel, conceded that she did not appeal the Order of Deferred Adjudication on direct appeal.

Based upon all of the above, the Court concludes that there is clear and convincing evidence in the record that respondent is subject to removal as charged in the Notice to Appear under Sections 237(a)(2)(A)(iii) and 237(a)(2)(B)(i) of the Act.

The respondent selected Mexico as the country for removal if removal is ordered.  The respondent requested relief from removal under Section 240A(a) of the Act, which is cancellation of removal for certain permanent residents.  And she also requested relief from removal under Section 212(c) of the Act.  The Court concludes that the respondent is not eligible for either forms of those relief from removal and I will, therefore, pretermit those applications.

With respect to the request for cancellation of removal under Section 240A(a), the respondent is not eligible to be considered for that relief because she has been convicted of an aggravated felony for the reasons discussed above.  Further, the respondent is not eligible to apply for a waiver of removability under Section 212(c) of the Act.  She is in a removal proceeding. Section 212(c) was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996.  Therefore 212(c) relief is not available in a removal proceeding unless the respondent comes

A 90 918 200                    5                    July 25, 2002

within the parameters of the United States Supreme Court decision in INS v. St. Cyr, 121 S.Ct. 2271 (2001).

The respondent does not come within the parameters of that case, because she pled guilty to the possession of marijuana offense on June 26, 1997. At that time, it was clear under the law existing at that time that relief under former Section 212(c) of the Act was not available to her.

Since respondent has not established eligibility for any relief from removal, the removal order will be entered in this case.

ORDER

THEREFORE, IT IS HEREBY ORDERED that respondent be removed from the United States to Mexico pursuant to the charges of removability stated in the Notice to Appear.

Dated this 25th day of July, 2002.


_____
HOWARD ACHTSAM
Immigration Judge


A 90 918 200                    6                    July 25, 2002

## CERTIFICATE PAGE

I hereby certify that the attached proceeding before

JUDGE HOWARD ACHTSAM in the matter of:

ANGELIA AGUILAR-ADAME

A 90 918 200

Harlingen, Texas

is an accurate, verbatim transcript of the cassette tape as provided by the

Executive Office for Immigration Review and that this is the original transcript

thereof for the file of the Executive Office for Immigration Review.


Susan Aiello, Transcriber

Free State Reporting, Inc.
1324 Cape St. Claire Road
Annapolis, Maryland  21401
(301) 261-1902


November 11, 2002
(completion date)



By submission of this CERTIFICATE PAGE, the Contractor certifies that a Sony
BEC/T-147, 4-channel transcriber or equivalent, as described in Section C,
paragraph C.3.3.2 of the contract, was used to transcribe the Record of
Proceeding shown in the above paragraph.

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | |
|---|---|
| ANGELINA AGUILAR-ADAME, | ) |
| | ) |
| v. | ) |
| | ) |
| A.G. WINFREY, Interim Field Office | ) |
|   Director, DHS HLG/DO, and | ) |
| THE UNITED STATES OF AMERICA. | ) |
| ———————————————————— | ) |

## EXHIBIT "B" IN SUPPORT OF

## PETITION FOR WRIT OF HABEAS CORPUS

IMMIGRATION COURT
201 E. JACKSON STREET
HARLINGEN, TX  78550

In the Matter of

ZAVALA-SERRATOS, JOSE ANGEL
    Respondent

Case No.: A36-754-033

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Mar 26, 2001.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[ ]  The respondent was ordered removed from the United States to
                                        or in the alternative to
[ ]  Respondent's application for voluntary departure was denied and
     respondent was ordered removed to
     alternative to
[ ]  Respondent's application for voluntary departure was granted until
         upon posting a bond in the amount of $ _____
     with an alternate order of removal to
[ ]  Respondent's application for asylum was ( )granted ( )denied
     ( )withdrawn.
[ ]  Respondent's application for withholding of removal was ( )granted
     ( )denied ( )withdrawn.
[✓]  Respondent's application for cancellation of removal under section
     240A(a) was (✓)granted ( )denied ( )withdrawn.
[ ]  Respondent's application for cancellation of removal was ( ) granted
     under section 240A(b)(1)   ( ) granted under section 240A(b)(2)
     ( ) denied ( ) withdrawn. If granted, it was ordered that the
     respondent be issued all appropriate documents necessary to give
     effect to this order.
[ ]  Respondent's application for a waiver under section _____ of the INA was
     ( )granted ( )denied ( )withdrawn or ( )other.
[ ]  Respondent's application for adjustment of status under section _____
     of the INA was ( )granted ( )denied ( )withdrawn. If granted, it
     was ordered that respondent be issued all appropriate documents necessary
     to give effect to this order.
[ ]  Respondent's status was rescinded under section 246.
[ ]  Respondent is admitted to the United States as a _____ until _____.
[ ]  As a condition of admission, respondent is to post a $ _____ bond.
[ ]  Respondent knowingly filed a frivolous asylum application after proper
     notice.
[ ]  Respondent was advised of the limitation on discretionary relief for
     failure to appear as ordered in the Immigration Judge's oral decision.
[✓]  Proceedings were terminated.
[ ]  Other: _____
     Date: Mar 26, 2001
     Appeal: Waived/Reserved   Appeal Due By: Apr 25, 2001

                                        MARGARET BURKHART
                                        Immigration Judge

                                                    000088

CIP

RECEIVED
DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW

2001 APR -9  P 3 23

BOARD OF
IMMIGRATION APPEALS
OFFICE OF THE CLERK

CAUSE NO. 97-CR-351

DEC 1 5 1997

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE DISTRICT COURT |
| VS. | * | 381ST JUDICIAL DISTRICT |
| JOSE ANGEL ZAVALA | * | STARR COUNTY, TEXAS |

### PROBATION JUDGMENT

BE IT REMEMBERED that on this the _____ 15 _____ day of _____, 19 97, the above numbered and entitled cause was called for trial, and the State of Texas appeared by her District Attorney, and the Defendant, JOSE ANGEL ZAVALA, appeared in person and by his attorney, JOEL MADRIGAL, and both parties announced ready for trial; and the Defendant and his attorney, in open Court, in person and in writing waived his right to trial by jury, and the District Attorney in writing and in open Court consented and approved the waiver of trial by jury, all of which waivers have been filed with the papers of this cause; and it appearing to the Court that all prerequisites of the law for waiving the right of trial by jury have been performed; therefore, the Court hereby consents and approves the said Defendant's waiver of the right to trial by jury and now enters the same in the minutes of the Court.

WHEREUPON, the Defendant, having been indicted in the above entitled and numbered cause for the felony offense of POSSESSION OF COCAINE, after having , plead guilty to the charge contained in the Indictment. Thereupon, the said Defendant was admonished by the Court of the consequences of said plea, including the maximum and minimum punishments, and the said Defendant persisted in entering said plea; and it plainly appearing to the Court that the Defendant is mentally competent and is uninfluenced in making his plea by any consideration of fear, persuasion, or delusive hope of pardon, parole, or probation prompting him to confess his guilt, the said plea is accepted by the Court and is herenow entered of record upon the minutes of the Court as the plea herein of the said Defendant.

WHEREUPON, the Defendant, having in open Court and in writing, consented to waive the appearance, confrontation, and cross-examination of witnesses and having further consented and agreed to the stipulation of evidence and to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the accusation against the Defendant and the judgment of the Court, the Court hereby in writing consents and approves such waiver and orders that it be filed with the papers in this cause.

WHEREUPON, the Defendant proceeded to trial before the Court and the State proceeded to introduce evidence into the record of this cause showing the guilt of the Defendant, said evidence being accepted by the Court as the basis for its judgment, and the Court having considered the Indictment, the Defendant's plea thereto, the

evidence submitted, and the argument of counsel thereon, found the Defendant guilty of the felony offense of POSSESSION OF COCAINE, which offense was committed on the 14th day of February, 1997, in Starr County, Texas, and assessed the punishment of confinement in a State jail facility for a term of Two (2) years;

IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED by the Court that the Defendant, JOSE ANGEL ZAVALA, is guilty of the felony offense of POSSESSION OF COCAINE, as charged in the Indictment herein, and it is further adjudged by the Court that the Defendant be punished by confinement in a State jail for a term of Two (2) years, and that the State of Texas do have and recover of the said Defendant all costs of the prosecution expanded, for which execution shall issue.

WHEREUPON, the Defendant and his attorney, in open Court and in writing, waived the ten (10) days allowed by law for sentencing and requested the Court to pronounce sentence upon the Defendant at this time, said written waiver being approved by the Court and filed with the papers in this cause.

WHEREUPON, the Defendant having made application in due time and form for probation under the provisions of Article 42.12, Vernon's Texas Code of Criminal Procedure, on his conviction herein, and the Court, after hearing the evidence and argument of counsel on the question of punishment and after due consideration, is of the opinion and so finds, that the Defendant, has never been convicted of a felony in this or any other State, and is otherwise eligible for probation, and is further of the opinion, and so finds, that the ends of justice and the best interest of both the public and the Defendant will be served if the imposition of the sentence in this cause be suspended and the Defendant be placed on probation under the supervision of the Court.

IT IS THEREFORE ORDERED, by the Court that the imposition of the sentence in this cause be and the same is hereby suspended during good behavior of the Defendant, and that the Defendant, JOSE ANGEL ZAVALA, be and he is hereby placed on probation for a term of Five (5) years, beginning on this date under the supervision of the Court and the duly appointed and acting adult probation officer of Starr County, Texas, who is hereby appointed to supervise this probation, subject to the following terms and conditions of probation, viz:

That during the term of the probation, the Defendant, hereinafter referred to as "Probationer", shall:

1. Obey all orders of the Court and all rules and regulations of the Community Supervision and Corrections Department;

2. Commit no offense against the laws of this or any other State or of the United States;

3.   Avoid injurious or vicious habits including, but not limited to, the consumption of alcohol in any form, at any time, public fighting, disorderly conduct and the use of illegal or addictive drugs or controlled substances;

4.   Avoid places of disreputable or harmful character including, but not limited to, bars, taverns, beer joints, or any premises licensed by the State of Texas for the sale and consumption of alcoholic beverages, places where a criminal act is being committed, and places where dangerous drugs or controlled substances are illegally possessed, sold or used.

5.   Avoid persons of disreputable or harmful character including, but not limited to, persons who illegally possess, sell or use controlled substances or dangerous drugs, or persons previously convicted of a felony;

6.   Work faithfully at suitable employment in a lawful occupation or, if unemployed, actively seek employment;

7.   Support his dependents; if any, and obey any Court orders regarding payment of child support;

8.   Report to the probation officer at the Community Supervision and Corrections Department in Starr County, Texas or in any county to which the Defendant's supervision is transferred, between the 1st and 10th day of each month during the probationary period beginning in the month next following the entry of this judgment. If the Defendant is deported and does not re-enter or remain in the United States, he may report by mail;

9.   Give the probation officer his current physical and mailing address, place of employment and any other information requested by the probation officer in order to supervise the Probationer;

10.  Inform the probation officer, in person or by letter, of any arrest, or change in place of residence, marital status, or employment within five (5) days after such change;

11.  Permit the probation officer to visit Probationer at his home, place of employment, or elsewhere at any and all times in order to supervise the probation;

12.  Report to the probation officer upon request, the sources, nature and amounts of all income or money received by Probationer, including copies of all W-2 forms and income tax returns;

13.  Remain within Starr County, Texas, or any county to which Defendant's supervision has been transferred, unless he shall have first secured the written consent of this Court or the said probation officer for him to leave the said county. This

condition is waived if Defendant is deported and does not re-enter or remain in the United States;

14.  Observe a curfew and must be at home before 10:00 p.m. each night, and shall not leave such home or place of residence between 10:00 p.m. and 5:00 a.m. unless he has first obtained permission from this Court or from his probation officer;

15.  Submit a copy of his fingerprints to the Sheriff's Department of Starr County, Texas, or the Community Supervision and Corrections Department;

16.  Not purchase, possess, use, transport, or carry on or about his person any firearm, illegal weapon, or any knife with a blade longer than 3 1/2 inches.

17.  Report to the county jail for N/A consecutive weekends, beginning the N/A and remain there in custody each weekend, from 6:00 p.m. Friday until 6:00 p.m. Sunday;

18.  Pay all court costs INSTANTER.  The Court orders the Defendant to pay all court costs on or before the _____ day of _____, 19_____.

19.  Pay a supervisory probationary fee of $40.00 per month to the probation office, between the 1st and 10th day of each month during the probationary period.  This condition is waived if Defendant is deported and does not re-enter or remain in the United States;

20.  Make restitution to N/A in the sum of -0-, payable as follows:  At the rate of N/A per month commencing on N/A and continuing at the same rate until the full amount is paid;

21.  Pay a fine of $900.00, payable as follows:  At the rate of $ _15.00_ , per month, commencing on _12/26/97_ and continuing at the same rate until the full amount is paid;

22.  Reimburse the county for compensation paid to appointed counsel for defending him in this case, in the amount of_____ payable as follows:  At the rate of _____ per month commencing on _____ and continuing at the same rate until the full amount is paid;

23.  File with the probation officer, at the probation office, between the 1st and 10th day of every month next following a default in any payment required of Probationer by this judgment, a detailed statement, in writing and under oath, of all income and expenses received and expended by the Probationer during the entire month in which the default occurred;

24. File with the probation officer, at the probation office, between the 1st and 10th day of every month next following a calendar month in which Probationer was gainfully employed less than 150 hours, a detailed statement, in writing and under oath, of all efforts made by Probationer to secure and hold employment during the entire month in which he was not gainfully employed 150 hours;

25. Submit to testing for control substances (urinalysis) at your own expense as directed by your Community Supervision and Corrections Officer.

26. Participate in the following community based or rehabilitation program, to-wit:_____.

27. If the Defendant is to be deported the Defendant shall not be required to report in person. If the Defendant returns to the United States under any circumstances he is ordered to report to the Starr County Probation Department immediately upon his return.

In addition to the above conditions of probation, Defendant is further ordered by the Court to abide by the following special conditions of probation checked below:

_____ 28. Defendant is assigned to intensive supervision for one (1) year or until the level of supervision is changed by the Court or the probation officer;

_XX_ 29. Attend counseling sessions for substance abusers in a program approved and licensed by the Texas Commission of Alcohol and Drug Abuse;

_____ 30. Participate in substance abuse treatment services in a program or facility approved and licensed by the Texas Commission of Alcohol and Drug Abuse;

_____ 31. Remain under custodial supervision in the following community based facility, to-wit: _____, obeying all rules and regulations of such facility, and paying a percentage of his income to the facility for room and board;

_____ 32. Participate in a program at the direction of the probation officer that teaches functional illiterate persons to read;

_XX_ 33. Obtain a General Equivalency Diploma (GED) within one (1) year from the date of this judgment;

_XX_ 34. Perform 175 hours of community service under the direction of the probation officer. In lieu of such community service, Defendant may make a donation to an approved charity or non-profit organization in

the amount of -0-.

_XX_ 35.  Make reimbursement to the Texas Department of Public Safety for analysis and storage of controlled substances, in the amount of $140.00.

_XX_ 36.  Make reimbursement to the Starr County Community Supervision and Corrections Department for the Pre-Sentence Investigation Report, in the amount of $50.00.

_____ 37.  Pursuant to Article 42.12 C.C.P., Section 14, the Court finds: (1) this Defendant has been placed on community supervision under this Article; (2) the Defendant is charged with or convicted of a felony other than a felony under Sec. 21.01, 22.011, 22.021 or 25.06 of the Penal Code; and (3) the Court affirmatively finds that (a) drugs or alcohol abuse significantly contributed to the commission of the crime or violation of community supervision and (b) the Defendant is a suitable candidate for treatment, as determined by the suitability criteria established by the Texas Board of Criminal Justice under Section 493.009(b) of the Government Code.

As a condition of community supervision, the Defendant is required to serve a term of confinement and treatment in a substance abuse treatment facility under this section for a term of not less than 6 months or more than 1 year, and upon release the Defendant is required to participate in a drug or alcohol abuse continuum of care.

All payments required of the Probationer by this judgment shall be paid within the times specified, at the probation office to the probation officer, for which Probationer shall receive a receipt evidencing payment.

You are hereby advised that under the laws of this State, the Court shall determine the terms and conditions of your probation, and may at any time during the period of probation alter, or modify, the conditions of your probation. The Court also has the authority at any time during the period of your probation to revoke your probation for violation of any of the conditions set out above.

The District Clerk shall deliver to Probationer a copy of this judgment containing the terms and conditions of probation, and the date of delivery of such Order shall be noted on the Docket Sheet.

SIGNED AND ENTERED this the 15 day of _____, 19 97.

_____
JOHN A. POPE, III
DISTRICT JUDGE
381ST JUDICIAL DISTRICT COURT
STARR COUNTY, TEXAS

I have received a copy of this Order and fully understand each of the terms and conditions imposed.

DATE:_____

JOSE ANGEL ZAVALA
PROBATIONER

A certified copy of the Probation Judgment in this cause was delivered to Probationer on the _____ day of _____ A.D. 19_____.

_____
DISTRICT CLERK


_____          _____
RIGHT INDEX                       LEFT INDEX
RIGHT THUMBPRINT                  LEFT THUMBPRINT


RECORDED IN VOLUME J PAGE: 241-269

DATE 1-26-98
A true copy I certify
JUAN ERASMO SAENZ
District Clerk, Starr County, Texas
By _____ Deputy